Elizabeth Wydra appointed amicus curiae, appearing in support of the petitioner, Orion Leoza Walker-Patrick. With the court's permission, I would like to reserve three minutes of my time for rebuttal. This case involves a lawful permanent resident alien, Mr. Walker-Patrick, who was removed from this country because he was found to have been a convicted, aggravated felon. In the course of challenging his removal order, Mr. Walker-Patrick was caught in the transition from the old jurisdictional rules governing habeas petitions in the immigration context to the new judicial review scheme as set forth in the Real ID Act of 2005. As the court knows, the Real ID Act withdrew habeas corpus challenges to final orders of removal and instead expanded the jurisdiction of the Court of Appeals to consider constitutional and statutory challenges to orders of removal on direct petition for review. Specific jurisdiction questions arise in cases like Mr. Walker-Patrick's, where his habeas appeal was pending at the time the Real ID Act became effective. Well, even more than that, I have a question about whether or not your client raised the argument before the BIA that he was not convicted of an aggravated felony or that the government failed to provide sufficient evidence to show that he had been convicted of an aggravated felony, thus exhausting all your remedies below. Did that happen? Your Honor, from what I can tell from the record, it does not appear that he specifically raised those arguments before the BIA. Well then, do we have jurisdiction? Your Honor, I believe that the court does have jurisdiction. First, because to the extent these arguments are constitutional in nature, they would not have been cognizable before the BIA. Well then, how do you distinguish the case of Lew v. Waters, in which we held the BIA does have authority to correct procedural errors of constitutional magnitude, such as the due process claim asserted in the – in your case? Your Honor, that is correct. And it appears that Mr. Walker-Patrick perhaps could have raised that claim in a matter of factual error correction, but to the extent that it was constitutional, would not have been required to present it there. And therefore, be precluded from raising it on habeas review. As this Court – Well, it wasn't constitutional as whether it was procedural or subjective. And this appears to be procedural. Your Honor – The BIA thus would have jurisdiction. Thus, your client would have to exhaust before the BIA. That's true, Your Honor. However, this Court held in Chang v. United States that a jurisdictional question would not arise where a claim was cognizable on both direct review and habeas, and the petition for review presented the issue, and the habeas petition presented the issue. Of course, that was under another regime, correct, in terms of – That's true, Your Honor. – letting Petitioners go the dual route or the successive route. Well, Your Honor, in Chang, it was an issue similar to the issues in this case in that the $10,000 loss requirement was sufficiently met to show that he had been convicted of an aggravated felony. That, too, would be something where the Petitioner could challenge the BIA's factual finding, as well as in this case where Mr. Walker-Patrick could have asserted that he was not properly convicted of an aggravated felony because the government did not rely on a substantive conviction. But, you know, the other difficulty I'm having, and maybe you can help me out of this procedural quagmire, is that Judge Nelson's asking you, well, shouldn't he have exhausted in the BIA, because then if he didn't, we wouldn't have jurisdiction or we would not hear his appeal. Well, even if he had a habeas appeal or a habeas right, wouldn't he have to still exhaust under that regime so he'd be right back in the same situation that he didn't exhaust? Your Honor, under the habeas rules, this Court has not applied the statutory bar directly of 1252d-1. The Court noted in Noriega-Lopez that it was an open question whether that statutory exhaustion bar applied. The Court has, indeed, applied prudential exhaustion requirements, and under those rules, Mr. Walker-Patrick could have presented his claim to the BIA and should have. However, he claims with respect to this issue of sufficiency of the record, it appears from his petition for review and his – excuse me, his habeas petition filed in the district court that he was not aware that the government had been relying on the December 23, 1997, parole revocation judgment. It's rather vague language, but he notes in his habeas petition at ER 112 that he wasn't aware of this trick by the government – those are his words, not mine – and that he was proceeding without counsel and he was also incarcerated at the time, and it appears he had difficulty receiving mail and orders of the court. So I think that if the Court were to apply prudential exhaustion requirements as it had done under the previous habeas regime, that they should not be applied to preclude Mr. Walker-Patrick from raising his constitutional claims, particularly where the constitutional claim, particularly the one that amicus puts forth in its briefs, is of such a substantial nature in that it goes to the very basis for finding Mr. Walker-Patrick removable as an aggravated felon. The Supreme Court instructed in Landon v. Plasencia that when weighing the magnitude of a procedural due process violation, the interests of the individual at stake, the risk of erroneous deprivation of rights, and the interests of the government in maintaining the previous procedures must all be weighed. Here, the interests of Mr. Walker-Patrick in remaining in the United States are, as this Court has stated, indisputably substantial, as the Supreme Court has noted, is weighty, or weighty even more so where, as Mr. Walker-Patrick has, there is a United States citizen family involved. Mr. Walker-Patrick has three United States citizen children, and in addition has served the United States in military service. His interest in remaining in the United States is high. The risk of erroneous deprivation of rights is high when inference as opposed to evidence is substituted for a sufficient record of a substantive conviction for an aggravated felony. The government's interest in maintaining such shortcuts clearly cannot be as serious as Mr. Walker-Patrick's rights, where the government has access to correct criminal records and significant resources at its disposal. Let me ask one other question. What's the constitutional hook with respect to his challenge to the aggravated felony? I mean, I — most of it has to do with, you know, is it in or out of the year? Is it probation? Is it this? Where does it fit in the California scheme? It's not readily apparent to me that there has been raised a constitutional question in any — or at least a colorable constitutional question. Your Honor, deportation has been found to be the equivalent of banishment or exile. And when that punishment is inflicted without the government pointing to a substantive conviction for an aggravated felony, which is required under the statute to find an alien to be an aggravated felon, where that is lacking, then there is no basis for inflicting the punishment of removal. And in that case, it is indeed a procedural due process violation to allow the proceeding to continue without accurate charges. Well, you know, that turns every case into a due process case, because the challenge to an underlying felony would always make it then a due process claim under your argument, wouldn't it? Your Honor, I don't think in all circumstances that would necessarily be true. For example, I would like to point out that Mr. Walker-Patrick presents additional claims in his own informal brief before this Court, for example, that his sentence was not of the sufficient length or that the definition of the offense did not meet the — this Court's definition of an aggravated felony. Those instances do not necessarily go to the fairness of the proceeding in the way that the government's failure to provide a substantive conviction as opposed to a parole revocation abstract of judgment goes to the very nature of the fairness of the proceedings and the procedural due process rights at issue, because Mr. Walker-Patrick has the right to have a fair hearing on charges that are sufficiently presented against him, rather than making inferences from a non-criminal proceeding, as was done in this case by the government's reliance on a parole revocation abstract of judgment, rather than a substantive conviction. I just have one last question, and that is that we don't have in front of us the — his brief in the administrative proceeding, so we don't know what he did or didn't challenge. On the other hand, the BIA didn't address this, so I guess by implication we can assume that he didn't. As his counsel, are you making the representation that he did not exhaust? First, Your Honor, I would like to clarify that I am amicus. Amicus. So I do not wish to waive any arguments made by Petitioner in his brief. Because you said at the outset that you didn't believe he exhausted. So I was wondering what the basis for that statement is. Your Honor, it does not appear from the briefs that I have read in the record that I was provided with that he specifically raised the argument that — particularly that amicus is raising with respect to the sufficiency of the record in the BIA. It's interesting to note that the district court in — rather, the magistrate judge, in its report and recommendation in the district court, did note that the BIA affirmed the conviction for an aggravated felony as final and valid. From my personal review of the BIA's decision, it doesn't seem to expressly address that issue. I suppose it could be implicit within the BIA's decision. This Court certainly, on the petition for review, affirmed the aggravated felony conviction as presumably valid because the Court found it to be jurisdiction stripping and supported the motion to dismiss. Did you want to save your remaining time for rebuttal? I'd like to reserve three minutes. And in sum, I would like to first urge the Court to find that Petitioner's position in Mr. Walker-Patrick's situation should receive the same scope of review under their transferred petitions for review that they would have received if their petitions had proceeded in habeas and, more importantly for this case, that res judicata should not apply to preclude constitutional claims in these transferred petitions for review. And finally, amicus and Petitioner in his own informal brief asked this Court to find that he was not properly removed as an aggravated felon and, therefore, that the Court should grant the petition for review. Thank you. Thank you. I'll hear from the government. Good morning, Your Honors. May it please the Court. Pat Busandi on behalf of the Respondent in this case. Your Honor, we would argue that this Court lacks jurisdiction for several reasons that are set forth in our brief. And then first and foremost would be the question of whether the Petitioner has adequately exhausted his administrative remedies. The government Can you speak, counsel? Let me just ask you about that. Yes. Do you have any proof that Petitioner did not raise to the IJ and the BIA the argument that he was not convicted of an aggravated felony? Yes, Your Honor, because what happened in this case was it was brought as a originally as a habeas corpus petition in the district court. And what the government did in the case, in the district court case, is to file the entire certified administrative record of the prior proceedings, which were proceedings before the immigration, the original proceedings before the immigration judge, the Board of Immigration Appeals, and then a petition for review to this court, which was dismissed. But that record would have contained all of the relevant documents in the administrative proceedings, the original administrative proceedings before the IJ and the Board. And hence, if there had been an appellate brief filed to the Board brought by the Petitioner, it would have been in that certified administrative record. What we find in that certified administrative record is simply that the Petitioner filed a notice of appeal and filed no appellate brief. So I would direct your attention to the certified administrative record at 21 through 24, which contains the notice of appeal and says nothing about any challenge to the ground of removability. Thank you, counsel. Now, that record actually, what happened, of course, was the case was then deemed to be a petition for review under the Real ID Act. As a petition for review, of course, the proper record is the administrative record of the proceedings. So that would be, that would actually be properly before the court as the proper record. Along with that, of course, there was an additional proceeding, a motion to reconsider that was filed. So that would also be part of it. But that would be the record before this court, the certified administrative record as a petition for review. I would point out, Your Honors, that not only did the Petitioner not make this argument before the Board of Immigration Appeals in his original proceedings, but he didn't make the argument in the motion to reconsider that he filed. That is not in the administrative record because that was the record of the administrative proceedings, but it's in the supplemental excerpts which the government submitted before this court on appeal. Supplemental excerpts at page 93 to 95, he did not raise that claim. Now, that would be properly before this court because that is part of the administrative proceedings, the original agency decisions and then the motion for reconsideration and the denial of motion for reconsideration. In addition, the Petitioner did not raise this claim in the habeas, even assuming that the habeas petition was relevant. It was not raised in the habeas petition and it was not addressed then by the district court in denying the habeas petition. So in sum, the Petitioner has never raised this claim until now, until he filed the opening brief for this court. So the court would be addressing it in the first instance. Obviously, exhaustion is a subject matter of jurisdiction and the court should not conclude that it lacks jurisdiction. I would point out as well just a couple of points to make on that regard is I believe that even in habeas, the Ninth Circuit has concluded that 8 U.S.C. 1252 D.1's exhaustion requirement applies in habeas. I think the name of the case is Son v. Ashcroft, but I'm not sure I can 20HA that case to the court. But I don't think it's relevant here where the case has been converted to a petition for review, and in any event, he never raised it in habeas anyway. I would also point out, Your Honors, that in addition to the exhaustion requirement, we do have an extremely persuasive argument, we believe, on the fact of, on the ground of 8 U.S.C. 1252 D.2. So D.1 is the exhaustion requirement. D.2 is basically a statutorily codified issue preclusion statute. That says that if you have challenged your removal order previously on a particular ground and the court has reached that issue, then you cannot again bring that challenge unless the court could not grant adequate relief or that the petition, the argument presents new grounds, new evidence. But we would ask the court to rely on this circuit's decision in the Nunez case, which is clearly set forth in our briefs, which is almost precisely the identical situation that occurred in this case. In that case, the petitioner filed a petition for review with this court. The court dismissed it for lack of jurisdiction based on his, I believe it was his status as an aggravated felon. He made that argument that he wasn't removable, and the court dismissed it. He then went into district court, filed a habeas petition, and ultimately it was denied any file suit in this court making the argument that he was not removable. And this court in that case found that the prior, quote, determination is binding. And so it's bound by that. The court was bound by that. So exhaustion and 8 U.S.C. 1252 D.2, both D.1 and D.2 preclude this court's jurisdiction over the question of whether the petitioner is removable. In addition, if there are no questions on those two things, I would just like to turn to the suspension clause analysis in this case, if that's necessary even. I would just point out for purposes of the suspension clause analysis that the petitioner indeed did have an opportunity, an adequate opportunity to seek review of his removability in the original proceedings. In fact, he filed a petition for review, as I've just indicated. He made the argument. The court looked at this question. In fact, I believe, as I've gone back to the docket sheet and looked at the pleadings in the case, the court actually asked the government a specific question about removability. And the government had to file a pleading. I think it was on the statute, on the California statute. The government filed a pleading in that case. The court henceforth dismissed the petition for review. So the petitioner has had an opportunity, an adequate, effective opportunity. That's the standard laid out in St. Cyr for the suspension clause analysis, where there's an adequate and effective opportunity for judicial review of the challenge to remove an order. And in this case, clearly, there was by the filing of the petition for review. In addition, I would point out that he's failed to, again, exhaust his administrative remedies and failed to take advantage of the opportunities he's had before the agency to raise his claim. The suspension clause does not require a second shot at judicial review. Your Honor, finally turning, then, if the court were, despite all those arguments to reach the merits, we would argue that the conviction record here, the abstract of judgment, is clear as to what happened. Let me ask you a question about that. Can you cite to any case in which we've held an information and an abstract of judgment demonstrate the existence that petitioner committed an aggravated felony? Simply the abstract and the information. Is there any case that we have where we've held that was sufficient, assuming we have jurisdiction? Your Honor, I don't know of any in particular, but I do know of those cases that found, that discussed those documents in the analysis and found for other reasons that it wasn't an aggravated felony. For example, the Huerta case that was cited. I think in those cases discussing the Taylor approach, they often point to the fact that the abstract of judgment is one of the relevant documents. I don't have a case in particular that holds based on the abstract of judgment. But in the discussion and the analysis in Huerta and the other cases, Peculiar, I believe, is one of them. We did sort of a search for this, and we found two cases, United States v. Navidad Marcos and Peculiar v. Ashcroft. They seem to hold to the contrary. Well, in those cases, though, Your Honor, at least in Peculiar, they were undergoing the Taylor analysis. My understanding of Peculiar is that it found that it wasn't an aggravated felony because either under the categorical approach or the modified categorical approach, it didn't fit within the theft defense definition. That's a different issue from the issue that primarily what the Petitioner is saying is that there was a 1997 conviction that he was sentenced to 16 months from. As I understand the opening brief, the amicus brief in this case, they are contesting the fact that this conviction for receipt of stolen property is a 1997 conviction for which there were 16 months imprisonment entered. As I understand what they're saying is that there was a conviction in 1996, and then there was a revocation of parole, and then he was sentenced to 16 months. As I understand their argument, it is that 16 months was attributed to the revocation of parole, and therefore, he did fail to satisfy the one-year requirement. That seems to be their primary argument. I would just simply point out, looking at that record, it can be found in the administrative record at 213, if you have that, or the supplemental excerpts at 47. But looking at that abstract of judgment, we see very clearly in line 1, the count, the statutory ground, substantive ground is 496A of the California Penal Code. The crime is receipt of stolen property. And the date of conviction is 12-23-97. And the sentence imposed is 16 months. Then I would take you down to line 8 of that document, where it says execution of sentence imposed, and there's a number of boxes. The box that's checked off is after revocation of probation. I think what happened here then is, as what happens in many of these cases, is that he was sentenced for this crime, or he was convicted, he pled guilty to this crime in 1996. That seems to be fairly clear. We all agree on that. He was granted probation for three years. He violated his probation. And then in 1997, he was convicted of he was sentenced. He was convicted of the crime for 16 months because of the violation of probation. So you have your one year, the necessary one year requirement. That's what I get from what the Petitioner is arguing. That's the issue, it seems, that they're claiming, they're raising for the court. And we would say that it seems that the conviction, abstract judgment document, is clear that the crime was receipt of stolen property and for which he received 16 months after the revocation of parole. We would also just, in addition to that note, that that's consistent with one other document in the administrative record, which is the I-213, which this court has found reliable. It's the administrative record, page 212. So just before the abstracted judgment, which is 213, page 212 shows that he was convicted in 1997 of receipt of stolen property for 16 months. If the court has no more questions, then we would ask this court to affirm the district court, I'm sorry, this is a petition for review. So we would ask this court to deny or actually to dismiss the petition for review under the Cremelle Alien Review Bar or, for lack of objections, the court can dismiss it either way or for issue preclusion under AUC 1252 D1 or D2, the court should dismiss the petition for review on any of those grounds. Thank you, Your Honor. Thank you. I just have three points. First, it's not true that Mr. Walker-Patrick did not raise the issue of the insufficiency of the record before. He did raise it in his habeas petition. It's not as fulsome an account as he would have provided if he had had counsel, and that was one reason amicus attempted to flesh it out in our brief. But he does say on supplemental excerpt of record, page 12 in his habeas petition, that the records regarding petitioner's conviction and sentence are inaccurate. No additional convicted crime for 496A was the mean for probation violation, arguing that there was no actual conviction on December 23, 1997. He states it again in his response to the order, to the government's response to the order to show cause in the district court on supplemental excerpt of record, page 111, that there was no conviction on December 23, 1997. Secondly, with respect to Nunez, even applying the analysis in Nunez v. Ashcroft Mr. Walker-Patrick's claim would not be precluded. In Nunez, the Court applied issue preclusion, which requires that the issues be identical and not merely similar. The issue presented by amicus in support of petitioner is not identical to the issue adjudicated by the Court in the petition for review. Moreover, Nunez is similar to this case in the respect that Nunez argued an additional argument that was not presented in the petition for review, namely that the government had not specified unlawful entry in his charging papers for burglary, and therefore, for that reason, he was not an aggravated felon. The Court did not decline to review that argument because of issue preclusion. Rather, it held that the judicially noticeable documents that would be required to support such an argument were not present in the record. That is not true in this case. In this case, the documents required for the Court to consider Mr. Walker-Patrick's due process claim are in the record, or rather, they are not in the record because the government has not pointed to a substantive conviction on December 23, 1997. Well, the government points to the abstract of judgment and then two or three documents from the superior court in California that cite that section and then also cite 16 months. What more would you have to do? Well, Your Honor, the abstract of judgment is indeed a relevant document. Amicus is not claiming that it is not. However, this Court has used the abstract of judgment in a parole revocation hearing to support the length of sentence imposed for a substantive conviction. It has not used the parole revocation hearing as the substantive conviction. And in this case, there is nothing tying that December 23, 1997 document to the 1996 documents that we do have that relate to receipt of stolen property charge. The abstract of judgment says that the conviction was 12-23-97. It does not in any way specifically relate back to the 1996 charge, and there are no documents that suggest otherwise or suggest that there was an additional charge of receipt of stolen property. If I understand you correctly, the original sentence was 180 days to county jail and 36 months probation. Then, in 1997, he was given 16 months for a probation violation. The 16 months was not related to the original crime. How do you answer the argument of opposing counsel when you refer this to the sentencing document? This was 12-23-97, the excerpt of Record 0047, where he was sentenced to, well, the court ordered restitution, et cetera, et cetera, et cetera, charged with receiving stolen property. But the sentence that was to be imposed was after revocation of probation. What is your response to that? Your Honor, I agree that clearly the parole revocation hearing and the sentence imposed at it could only occur after there had already been a substantive offense, because the parole revocation hearing is civil, not criminal in nature. It could not impose sentence without there being a related criminal offense. However, while it may be a reasonable or unreasonable inference that this relates back to the 1996 conviction, and when procedural due process rights are at stake that are as weighty as Mr. Walker Patrick's, inference is not a reasonable substitute for evidence that this does, in fact, relate back to a specific conviction for an aggravated felony with the adequate papers that this court has required in the cases that Judge Nelson mentioned earlier. Thank you. Your time has expired. I think we have your argument in mind. Thank both counsel for your argument. The case of Walker Patrick v. Gonzalez is submitted. We'll next hear argument in Singh v. Gonzalez. Thank you.
judges: Wallace, D.W. Nelson, McKeown